UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC D. MOORE,

    Plaintiff,

                                               Civil Action No. 17-11793[1]

v.

                                         HONORABLE DENISE PAGE HOOD

DONALD J. TRUMP,

    Defendant.

_____/

## ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES, DENYING REQUEST FOR SERVICE, SUMMARILY DISMISSING AND CLOSING ACTION, AND FINDING ALLEGATIONS FRIVOLOUS

Before the Court is Plaintiff Eric D. Moore's Application to Proceed Without

Prepaying Fees or Costs. A review of the application supports his claim of pauper

---

[1] A review of the court's docket shows the following matters previously filed by a plaintiff named Eric D. Moore: 1) *Moore v. Detroit Edison*, Case No. 95-fp-76178 (O'Meara) (Application to Proceed *In Forma Pauperis* was denied); 2) *Moore v. City of Detroit*, Case No. 04-70637 (O'Meara) (Case dismissed for failure to timely serve the summons and complaint); 3) *Moore v. Obama*, Case No. 16-11635 (Rosen) (Case dismissed as frivolous and for failure to state a claim); and, 4) *Moore v. Trump*, Case No. 16-14091 (Friedman) (Case dismissed as frivolous and for failure to state a claim).

status. The Court grants Plaintiff *in forma pauperis* status to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, the Court dismisses the action as frivolous and for failure to state a claim upon which relief may be granted.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997)(overruled on other

grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 F. App'x 356, 357 (6th Cir. Jun. 26, 2008). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). However, *pro se* litigants are not excused from failing to follow basic procedural requirements. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

Plaintiff's Complaint alleges federal question jurisdiction under 42 U.S.C. §§ 1986 & 1985. (Doc. No. 1, Pg ID 4) He seeks $100 billion in installment. *Id.* at Pg ID 5. Plaintiff cites the Fourth Amendment "Privacy" and First Amendment "Religion" of the U.S. Constitution. *Id.* at Pg ID 8. Plaintiff also cites federal statutes: 42 U.S.C. §§ 1986, 1985 conspiracy-RICO larceny and 18 U.S.C. § 1512, Fair Treatment of Crime Victims and Witnesses. *Id.* Plaintiff alleges retaliation against witness, victim or informant and penalty under 18 U.S.C. § 1513. *Id.* Plaintiff further alleges threat against life and six intellectual property rights as to patents USPTO Patent No. US 62/496,599 Cancer DNA Code Breaker Algorythm Research and 1 PR's under strict-construction/method of madness/lab testing (1988-2017). *Id.* The named-Defendant is President Donald J. Trump. There are no factual allegations against the Defendant.

After reviewing the Complaint filed by Plaintiff, the Court finds Plaintiff failed

to follow the rules of pleading set forth in Rule 8(a) of the Rules of Civil Procedure which requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Even liberally construing the Complaint filed by Plaintiff, the Court finds that Plaintiff failed to allege any factual grounds showing that Plaintiff is entitled to any relief from the named-Defendant. Plaintiff fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). The Court finds the allegations and statements in Plaintiff's Complaint frivolous.

For the reasons set forth above,

IT IS ORDERED that Plaintiff Eric D. Moore's Application to Proceed *In Forma Pauperis* Without Prepaying Fees or Costs **(Doc. No. 2)** is GRANTED.

IT IS FURTHER ORDERED that the Request for Service by the United States Marshal **(Doc. No. 3)** is DENIED as MOOT.

IT IS FURTHER ORDERED that the action is DISMISSED with prejudice and this action is designated as CLOSED on the docket.

IT IS FURTHER ORDERED that this action is frivolous under 28 U.S.C. § 1915(e)(2)(B). Any Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445

(1962), *McGore*, 114 F.3d at 610-11

       S/Denise Page Hood
       Denise Page Hood
       Chief Judge, United States District Court

Dated: July 31, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2017, by electronic and/or ordinary mail.

       S/LaShawn R. Saulsberry
       Case Manager